## WASHBURN et v. WINKLER, et.

Ohio Appeals, 6 Dist., Erie Co.

No. 277. Decided Sept. 29, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**DECEDENTS' ESTATES.**

(220 Wb) In action to contest will on grounds of insanity and undue influence, admission in evidence of medical certificate upon which deceased was committed to insane asylum, each of the physicians who signed such certificate, having testified that he had no recollection of the examination of the testator at the time the certificate was prepared, is prejudicial error.

Non-expert witness called upon to express opinion that testator's mind was unsound, must first relate all facts which tend to show irrationality, and then base his opinion upon facts so related.

Error to Common Pleas.

Judgment reversed.

Krueger & Rosino, Sandusky, for Washburn, et.

Henry Hart, Sandusky, for Winkler, et.

### STATEMENT OF FACTS.

Plaintiffs in error seek the reversal of a judgment of the court below based upon a verdict which finds that the paper writing in question was not the last will and testament of the testator. Upon the trial of the case in the court below there were two issues: namely, insanity and undue influence.

About seven months after the alleged will was made the probate court of this county adjudged the testator to be insane and he was committed to the insane asylum. The order of commitment was made upon the medical certificate of two physicians. Each of the physicians was sworn as a witness upon the trial of the will case and each testified that he had no recollection of the examination of the testator made at the time the medical certificate was prepared, signed and sworn to in the probate court. The court below in the will contest, however, admitted in evidence this certificate which states that the present attack of insanity began in June, 1921, a date anterior to the making of the will. The admission of this certificate on the trial of the case in the court below is alleged as error.

WILLIAMS, J.

We think the contention is well founded. The defendant in error seeks to justify its admission in evidence upon the principle laid down in 118 Ohio St., 442, 450; 1 Ohio Bar, 442, 450. In that case the physicians making the certificate were called as witnesses in the will contest and were fully examined upon all matters contained in the certificate. In the instant case the physicians making the certificate were not so examined because they had no recollection of the matter whatever. The admission of the certificate was therefore prejudicial and the error related to both issues involved in the contest, because the soundness or unsoundness of the mind of the testator was an important fact to be considered in determining the question of undue influence.

We feel that the trial judge did not carefully apply the rule which requires that a non-expert

witness who is called upon to express an opinion that the testator's mind was unsound, must first relate all the facts which tend to show irrationality and must then base his opinion upon the facts so related. While the matter of qualification is largely in the discretion of the trial judge, the rule must be adhered to.

We think there is no other reversible error apparent upon the face of the record, but for the reasons given the judgment will be reversed.

(Richards and Lloyd, JJ., concur.)