**HEATH, et, Plaintiffs-Appellants v. KOSIER, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 633.  Decided February 5, 1945.

Murphy & Staley, Greenville, for plaintiffs-appellants.
Paul W. Yonker, Greenville, for defendant-appellee.

SHERICK, J., of the Fifth Appellate District sitting by designation in place of Barnes, P. J.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court that the paper writing admitted to probate and record as the last will and testament of Florence A. Kosier, deceased, was her last will and testament.

The questioned instrument was signed and executed on June 15, 1942. It provided that after the payment of debts and funeral expenses the estate should be distributed "in accordance with the provisions of the laws of Ohio governing the descent of property." One item of the will recited that the testatrix had recently executed a will with which she was dissatisfied, that she had demanded it for the purpose of destroying it and specifically revokes any and all former wills by her made. The former will to which reference was made was executed on June 3, 1942, and gave to testatrix's husband, Alonzo Kosier, one-third of the proceeds of the sale of her property, personal and real, and the residue to her brothers, John Heath and George Heath and her sister, Katherine Lewis, to be divided equally among them.

On July 11th, 1942, contestee, husband of testatrix, signed and made affidavit to, and on the 22nd of July filed in, the Probate Court of Darke County, Ohio, an application for appointment of a guardian for Florence Kosier on the ground that she is "incompetent by reason of her physical condition and her mental condition and by reason thereof is incapable of taking proper care of herself or her property, * * *." On July 22, 1942, the Probate Judge appointed contestee guardian "of the person and estate of Florence Kosier aged 72 years on the 23rd day of March, 1942, an incompetent person."

The issue whether or not the writing purported to be the last will and testament of Florence A. Kosier was her last will and testament was made up under the statute.

As the evidence developed, some of it tending to prove mental incapacity of the testatrix to execute the will in question, counsel for contestants indicated that no claim of mental incapacity was asserted and eventually explicitly withdrew any such ground as the basis for a verdict in their behalf.

Four errors are assigned, the first of which is that "the trial court erred in refusing to admit evidence of application for appointment of guardian and adjudication of incompetency by the Probate Court."

It will be noted that the adjudication of the Probate Judge on the application for appointment of a guardian for Florence Kosier was that she "is incapable by reason of infirmities" without determination of the specific type of incompetency. It may be assumed that it was not because of physical infirmity as no consent to such adjudication appears. Sec. 10507-2 GC. The application stated that Florence Kosier was "incompetent by reason of her physical condition and her mental condition," and it would necessarily be implied that the basis for the appointment of a guardian was her mental infirmity. The record in the Probate Court consisting of the application for appointment of the guardian for Florence Kosier and the adjudication thereon was offered in evidence by contestants. The court refused to admit this testimony and this is the basis of the foregoing first error assigned.

The evidence disclosed that at the time of the making of both wills and subsequent thereto until her death, the testatrix was in poor health and weak in body and there is some testimony that at times, at least, she was also weak in mind.

There was express testimony on behalf of contestants to the effect that contestee, the husband of testatrix, did attempt, in no uncertain terms, to cause her to change her first will wherein her relatives were to share in her estate. This testimony disclosed threats to have her declared a crazy person, to refuse longer to provide for her and a marked dissatisfaction with the first will. This evidence was unusual in that it had probative effect, if true, to establish by direct proof actual exercise of undue influence upon the testatrix. Other testimony to support contestants claim was circumstantial. There was strong support for the position of the contestees that the testatrix although ill was strong willed and not the type of person who would be easily influenced or whose will could have been overcome by the circumstances appearing in the record. The testimony of the scrivener of her last will was effective

to establish that she realized fully what she intended to do with her property and that she exercised her free will in so doing. Thus the evidence for and against the validity of the will was positive and had much weight depending largely upon how and in whose favor the jury resolved it.

The fact that upon the application of the sole beneficiary of her second will, within approximately a month after its execution, she was declared to be an incompetent person because of mental infirmity in conjunction with the other testimony, certainly had some probative effect as to her susceptibility to influence.

We are not provided with brief of counsel for appellee nor with the viewpoint of the trial judge in refusing to accept this testimony. It may be that he was of opinion that if there was no issue of mental incapacity, the adjudication had no probative effect. This however, in our judgment, does not follow because even though no issue was made of mental incapacity if it appeared it might lend credence to the contention that by reason thereof the mind of the testatrix was more easily influenced than that of a normal person.

It is a well recognized principle of law that an adjudication of insanity is admissible upon the issue of the testamentary capacity of testator at the time of the execution of his will and such testimony is competent whether the adjudication is made before or after the making of the will provided that it is not too remote. When the adjudication sought to be offered is made after the execution of the will it may under all the circumstances constitute some evidence of the mental inability to withstand influence. The question is made the subject of a complete annotation following Field v Koonce, 63 A. L. R. 1309, et seq. The principle is also recognized in Ohio, **Kennedy v Walcutt, 118 Oh St 442, Washburn v Winkler, 6 Abs 689, Rutledge v Inlow, 2 OO 306.**

The evidence should have been admitted upon the issue of undue influence.

The second error assigned is that the trial judge erred "in refusing to admit evidence which tended to show that the first paper writing was consistent with the desires which said testatrix had expressed previous."

This testimony is found at pages 47 and 48 of the record wherein John Heath, a brother of testatrix, was questioned whether before testatrix moved to Greenville she had talked to him about what she wanted to do with her property. The court let him answer that he did talk to testatrix but refused to permit the answers as to what she said on the ground that

it was too remote. The answer proffered was that if permitted to answer, the witness would have stated that she did talk to him about the disposition of her property, and that she did not want it to go to Mr. Kosier's children but wanted her property to go to her people.

The court did not err in the ruling upon the evidence as it appears because there is no time fixed to indicate whether it was one year, two years, five years or more before the making of the second will. It appears from the record that the Kosiers moved to Greenville from a farm a little more than a year before the execution of the second will. If the statement to the witness was made at or about the time of the moving it would be competent and proper to admit it as bearing upon the state of mind of testatrix.

The third error assigned is that "the court erred in refusing to instruct the jury as to where the property would go in the terms of the first paper writing, plaintiff's exhibit 1". This charge read:

"The court instructs you as a matter of law that by the terms of the paper writing executed on the 3rd day of June, 1942, Alonzo Kosier would be entitled to take under the law of descent and distribution of this state; that under the law of descent and distribution, he would receive an exemption amounting to 20% of the value of her estate in a sum not less than $500.00 and not more than $2500.00 and in addition thereto would receive one-half of the balance of said estate."

The charge is not an exact statement of the law because the share of testatrix's estate which the charge asserts he could have received would not be that portion which he would take by virtue of the will but upon his election not to take under the will. The court committed no error in refusing to give the charge as tendered.

The fourth and last assignment is that "the verdict and judgment are against the weight of the evidence". As we have before stated the evidence in this case for the respective parties was well balanced, the verdict depended largely upon the determination of the jury as to the probabilities and whether or not the testimony should be resolved in favor of or against the contestants. As they had a substantial burden the jury had the right to find against them.

28

We find assignment of error No. 1 only well made but because of the state of the record, we hold it to have been prejudicial and therefore reverse the judgment and remand the cause for new trial.

GEIGER, J., and SHERICK, J., concur.