duty of so acting as to insure that the accused would respond when called.

Where discretion is lodged in an official, where he is required to decide on conflicting evidence, or to choose between conflicting inferences, a writ of mandamus may issue to compel a decision, but not a particular decision. Sound discretion cannot be controlled by mandamus. It is only where there is an abuse of discretion that the writ will issue in such cases, in other words, where there is no place for the exercise of discretion under the circumstances. 25 Ohio Jurisprudence, 1131 *et seq.*, Section 176 *et seq.*

For these reasons, the writ of mandamus is denied, and the petition dismissed.

*Writ denied.*

Ross, P. J., Hildebrant and Matthews, JJ., concur in the syllabus, opinion and judgment.

Shupp et al., Appellants, *v.* Farrar et al., Appellees.

(No. 579—Decided February 14, 1949.)

*Messrs. Young & Young,* for appellants.
*Mr. Allan G. Aigler* and *Mr. J. Allen Vickery,* for appellees.

Fess, J.   This is an appeal from a judgment sustaining a will.   At the conclusion of testimony on behalf of the contestants, the trial court on motion of contestees directed the jury to return a verdict sustaining the will.

The first assignment of error is that the judgment is contrary to law because the will was not attested and subscribed by two or more competent witnesses as required by Section 10504-3, General Code.   The second assignment of error is that the court erred in directing the verdict where there was evidence of fraud, undue influence and lack of testamentary capacity.   As to the second assignment, we find there was no credible evidence of such claims.

As to the first assignment of error, the record of probate discloses that the will was executed and witnessed by two persons on August 8, 1947.   The testator died on August 22 and on August 27, 1947, "the subscribing witnesses to said will having appeared in open court, were duly sworn and examined according to law as to the due execution and attestation of the said will and the testimony of said witnesses was reduced to writing and filed."

One of the attesting witnesses was adjudged insane

on November 24, 1947. In the record of such adjudication, which was introduced as an exhibit in the case, there appears a medical certificate containing the following statements:

"7. Was the present attack gradual or rapid in onset? Gradual.

"8. When was any peculiarity first noticed and in what way? May 25, became noticeably cross and irritable without just cause. * * *

"11. What is the supposed cause of the mental illness? Following accident and long home confinement."

As to the claim that the judgment is contrary to law, this evidence is wholly insufficient to warrant finding as a matter of law that the will was not executed according to law on the ground that one of the witnesses was incompetent.

Although we may not be required to consider it, the query arises whether under the evidence in this case the question of the competency of the witness was one for the jury and, if so, whether there was sufficient credible evidence to submit the question to the jury.

The order of probate of a will is prima facie evidence of its due attestation. Section 12083, General Code.

A certified copy of the testimony of such of the witnesses examined upon the probate as are out of the jurisdiction of the court, dead, or *since the probate have become incompetent*, shall be admitted in evidence on the trial. Section 12084, General Code. The affidavit of the two witnesses to the will taken before the probate judge was admitted, without objection, as a part of the record of the probate of the will. It has been held that such an affidavit is not competent where it does not appear that the witness is prevented by incompetence or otherwise from being present to tes-

tify. *Kettemann, Exrx.,* v. *Metzger,* 3 C. C. (N. S.), 224, 13 C. D., 61; *Fox* v. *Lynch, Jr.,* 43 Ohio App., 305, 183 N. E., 177.

In the instant case, however, since the witness had been adjudged insane after the probate of the will, the affidavit was properly admitted as credible evidence of the due attestation and execution of the will. Since the order of probate is only prima facie evidence of the due attestation of the will, it seems to us evidence that the witness was of unsound mind at the time the will was executed would be admissible to overcome the prima facie showing made by the order of probate and the affidavit of the witness. But the determination of the competency of a witness is the function of the court and not the jury. From the order of probate it is presumed that the Probate Court found that the witness was competent when he attested the will and also when he testified at the hearing on admission of the will to probate.

The medical certificate relating to the insanity of the witness was admitted without objection. Appellant contends that the statements therein show that the witness became insane on May 25, 1947. This statement is to the effect that the witness became noticeably cross and irritable on May 25, 1947, but there is no evidence, expert or otherwise, that the witness was incompetent on such date.

Contestants contend also that from the adjudication of insanity on November 24, 1947, it is presumed that the witness was insane on August 8, 1947. The general rule is that presumptions are prospective and not retrospective. All persons are presumed to be sane until proven to be insane. No presumption of insanity can arise until permanent mental disorder is proved to exist and when once established it is said that the law will presume that condition to continue

for a reasonable length of time. Either so-called presumption may be rebutted. *Kennedy, Exr.,* v. *Walcutt*, 118 Ohio St., 442, 161 N. E., 336.

*Losh* v. *Winters' Natl. Bank & Trust Co.*, 37 Ohio Law Abs., 204, *Lee, Gdn.,* v. *Stephens*, 38 Ohio Law Abs., 431, and *Heath* v. *Kosier*, 76 Ohio App., 89, 61 N. E. (2d), 728, are cited as authority for the proposition that an adjudication of insanity made after a transaction is presumptive evidence of the mental incapacity of the person at the time of the transaction. The correct rule, however, seems to be that the subsequent adjudication may be received in evidence to be considered with other direct evidence relating to the time in question or prior thereto and that no presumption of insanity arises with respect to transactions prior to adjudication. The *Heath case*, which is the only one of the three officially reported, holds merely that evidence of the adjudication a month after the execution of the will, *taken in conjunction with other evidence*, constitutes *some* evidence on the issue of *undue influence* but not necessarily incompetence. The second paragraph of the syllabus in *Kennedy, Exr.,* v. *Walcutt, supra,* holds that evidence of a testator's mental and physical condition within a reasonable time before and after the making of the will is admissible as throwing light on his mental condition at the time of the execution of the will. The third paragraph of the syllabus holds that an adjudication of insanity of a testator is admissible in evidence as bearing upon the testamentary capacity of the testator at the date of the execution of the will, but in that case the adjudication occurred prior to the execution of the will, and the only presumption referred to in the syllabus is the rebuttable presumption of continuance of insanity after adjudication. We therefore hold that there is no presumption of insanity prior to adjudication, but

evidence of such adjudication within a reasonable time after a transaction is admissible with other evidence as throwing some light on the mental condition at the time of the transaction.

However, in the instant case we are not dealing with the question of the sanity of a testator. We are concerned only with the question whether there is some credible evidence that the witness was not a competent witness at the time he attested the will.

Section 11493, General Code, provides:

"All persons are competent witnesses except those of unsound mind * * *."

However, an insane person is not absolutely incompetent as a witness by reason of his insanity, and his competency is determined according to common-law principles. *State* v. *Wildman,* 145 Ohio St., 379, 61 N. E. (2d), 790. A person who is able to correctly state matters which have come within his perception with respect to the issues involved and who appreciates and understands the nature and obligation of an oath is a competent witness notwithstanding some unsoundness of mind. The determination of the competency of an insane person to testify lies in the discretion of the trial judge and a reviewing court will not disturb the ruling thereon where there is no abuse of discretion. *State* v. *Wildman, supra.* Had the witness in question taken the stand at the trial below and his competency had been there challenged, such question would have been one for the court to determine. The credibility of his testimony was one for the jury.

In conclusion, since there is no presumption of prior insanity from a later adjudication, no direct evidence of insanity at the time in question and no showing of abuse of discretion in failing to find the witness incompetent, we hold that the court below did not err

in directing the jury to return the verdict sustaining the will.  The judgment is, therefore, affirmed.

*Judgment affirmed.*

CONN and CARPENTER, JJ., concur.